ORIGINAL

FILED IN CLERK'S OFFICE
U.S D.C. Atlanta

MAY 06 2010

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

WBH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STEPHANIE KEYECK, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | 1:10-CV-1361 |
| v. | ) | |
| | ) | |
| ONITY, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff, Stephanie Keyeck (hereinafter "Plaintiff"), and files this lawsuit against Defendant Onity, Inc. (hereinafter "Defendant" or "the Company"), and shows the Court as follows:

**JURISDICTION AND VENUE**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 USC § 201 *et seq.* (hereinafter "FLSA"), to recover unpaid federally mandated overtime wages to Plaintiff, and an additional equal amount as liquidated

damages, and reasonable attorneys' fees and costs; as well as damages for Defendant's violations of the FLSA anti-retaliatory provisions under Section 15(a)(3) of the FLSA, 29 USC § 215(a)(3).

3.

The jurisdiction of this Court is invoked pursuant to 29 USC § 216(b) and 28 U.S.C. §1343(4).

4.

Defendant is a Georgia corporation, and the unlawful employment practices described herein occurred at 2232 Northmont Parkway Suite 100, Duluth, GA, 30096. Accordingly, venue in this Court is proper pursuant to 29 USC § 216(b); LR 3, NDGa.

## PARTIES

5.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia, residing at 2133 Cape Liberty Drive, Suwanee, Georgia 30024 and is subject to the jurisdiction of this Court.

6.

Plaintiff was an "employee" of Defendant as defined under FLSA § 3(e), 29 USC § 203(e).

7.

During her employment with Defendant, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

8.

Defendant Onity is a private employer engaged in interstate commerce with its gross revenues exceeding $500,000 per year.

9.

Defendant Onity is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of FLSA § 3(r) and (s), 29 USC § 203(r) and (s).

10.

Defendant Onity may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

11.

Defendant Onity is an "employer" within the definition of the FLSA § 3(d), 29 USC § 203(d), and is governed by and subject to FLSA § 4 and § 7, 29 USC § 204 and § 207.

## FACTUAL ALLEGATIONS

12.

Defendant hired Plaintiff on June 4, 2007 as a Trainer-Technical Services. Her duties included onsite training assistance and support of the implementation of Onity field training and certification programs involving fire safety and security. Plaintiff performed non-exempt work. Her starting salary was $43,500.00. Her immediate supervisor was Todd Herion, Training Manager for Defendant Onity.

13.

Plaintiff worked in excess of forty (40) hours per week and was not compensated by Defendant. For example, one of the requirements of Plaintiff's position is that she travel 100% of the time. Often, she traveled on weekends, and when she reached a destination, she had to "check in" with Defendant and was expected to work even more hours on top of the 8-9 work hours of travel time. Moreover, Defendant forced Plaintiff to use her personal cell phone for business related purposes and was expected to be "on-call" at all hours of the day and night during the workweek and on the weekends. Plaintiff was never compensated for working any of these hours.

14.

In or around May 2008, Plaintiff complained to Mr. Herion about the amount of hours she was required to work and how she was not compensated for those hours. Once Plaintiff complained, Defendant began retaliating against her.

15.

Examples of retaliatory conduct by Defendant include, but are not limited to: Defendant pulling Plaintiff off certain jobs she was assigned to; giving her jobs across the country in California where another Trainer resides; refusing to give Plaintiff paid time off; and forcing Plaintiff to work extreme hours without allowing her to take any time off.

16.

On June 17, 2008 Defendant terminated Plaintiff's employment. At the time of her termination, she was making $45,000.00.

17.

During Plaintiff's employment with Defendant, Plaintiff did not have any authority to make any business decisions independent of the approval of her supervisor.

18.

During Plaintiff's employment with Defendant, Plaintiff had no authority to formulate, affect, interpret or implement management policies or operating practices.

19.

During Plaintiff's employment with Defendant, Plaintiff followed standard policies and procedures and had no authority to deviate from them without prior approval.

20.

During Plaintiff's employment with Defendant, Plaintiff had no authority to negotiate with external entities on behalf of the Company.

21.

During Plaintiff's employment with Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 USC § 207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

## COUNT ONE
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT

22.

During the period from June 2007 until June 2008, Defendant willfully employed Plaintiff in the aforesaid enterprise for workweeks longer than forty (40) hours and failed to compensate her in excess of forty (40) hours per week at a rate of at least one and one half times her regular rate at which she was employed, contrary to § 7 of the FLSA, 29 USC § 207.

23.

Pursuant to FLSA §16, 29 USC § 216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation and any other damages to which Plaintiff is entitled under law.

## COUNT TWO
## VIOLATION OF THE ANTI-RETALIATION PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT

24.

Defendant has repeatedly and willfully violated Section 15(a)(3) of the FLSA, 29 USC § 215(a)(3), by retaliating against Plaintiff for asserting her rights under the FLSA.

7

25.

Defendant treated Plaintiff differently and terminated Plaintiff's employment with a retaliatory motive after Plaintiff complained that she was not being compensated properly.

26.

In retaliating against Plaintiff for asserting her rights under the FLSA, Defendant has caused Plaintiff pecuniary losses as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)  Grant Plaintiff a trial by jury as to all Counts in the Complaint;

(b)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA § 7, 29 USC § 207, FLSA § 6, 29 USC § 206(d), liquidated damages as provided by 29 USC § 216, pre-judgment interest on unpaid wages pursuant to 29 USC § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16, 29 USC § 216, and all other remedies allowed under the FLSA for Defendant's violation of the overtime provisions of the FLSA;

(c) Enter judgment awarding Plaintiff lost wages, an equal amount as liquidated damages, compensatory damages, attorneys' fees, costs, and all other remedies allowed under FLSA for Defendant's retaliation against Plaintiff for asserting her rights under the FLSA, including punitive damages should they be permitted;

(d) Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(e) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 6th day of May, 2010.

BARRETT & FARAHANY, LLP

*/s/ Meredith Carter*

Benjamin F. Barrett
Georgia Bar No. 039586
ben@bf-llp.com
Meredith J. Carter
Georgia Bar No. 325422
meredith@bf-llp.com

Attorneys for Stephanie Keyeck

1401 Peachtree Street
Suite 101
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125